**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO SALAZAR-GUTIERREZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 13-72241 <br><br> Agency No. A205-385-636 <br><br> **MEMORANDUM**\* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2017\*\*
Pasadena, California

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN,\*\*\*
District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Gary Feinerman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Petitioner Jose Alfredo Salazar-Gutierrez seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) final order of removal and denying his motion for administrative closure or a continuance. We affirm as to the removal order and continuance, and dismiss as to the administrative closure.

On June 17, 2010, Salazar, a citizen of Mexico, was arrested after a vehicle search revealed significant amounts of currency in a hidden compartment. He was charged with drug trafficking and ordered detained on May 25, 2011. He pleaded guilty to bulk cash smuggling in violation of 31 U.S.C. § 5332(a) and was sentenced to twelve months' imprisonment on February 6, 2012. He was delivered to a federal correctional institution on March 21, 2012 and was transferred to the custody of the Department of Homeland Security on May 21, 2012.

Salazar was served with a Notice to Appear for removal proceedings, which charged that he was present in the United States without having been admitted or paroled, that he had been convicted of bulk cash smuggling, and that he was sentenced to twelve months' imprisonment. Salazar admitted the charges, and his counsel acknowledged that he had been incarcerated for more than 180 days and was thus ineligible for cancellation of removal. Yet Salazar moved for administrative closure on the basis of an I-130 petition that was close to becoming current. The IJ found Salazar ineligible for cancellation of removal and entered a

2

final order of removal. The BIA affirmed the order of removal, and also found that Salazar was not entitled to administrative closure or a continuance.

Cancellation of removal is a discretionary form of relief the Attorney General may offer to certain inadmissible or deportable aliens. 8 U.S.C. § 1229b. To be eligible, an individual must be a "person of good moral character" while physically and continuously present in the United States for ten years. 8 U.S.C. § 1229b(b)(1)(A)-(B). Under 8 U.S.C. § 1101(f)(7), no person shall be regarded as having good moral character if, during that ten-year period, he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more."

As noted, Salazar's counsel admitted that Salazar had been incarcerated for more than 180 days, so the IJ did not err in finding him ineligible for cancellation of removal. In admitting that fact, counsel stated that he wished to preserve the issue of whether the *manner* of the incarceration rendered § 1101(f)(7) inapplicable, but he did not make those arguments before the BIA or here; instead, he contends that the IJ and BIA erred as to which party had the burden of proof on the 180-day issue. But where the relevant fact has been conceded, the burden of proof is irrelevant, and Salazar has offered nothing to contradict his initial concession as to how long he was incarcerated.

This court lacks jurisdiction to review the denial of administrative closure. *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118 (9th Cir. 2009). Although the court has jurisdiction to review a denial of a continuance, the BIA did not err in denying one here. "The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Baires v. I.N.S.*, 856 F.2d 89, 91 (9th Cir. 1988). Here, Salazar offered only one argument as to why he should have been granted a continuance, that being his soon-to-be-current I-130 petition, which in his view might have made him eligible for adjustment of status.

Adjustment of status is a discretionary form of relief available only to those aliens who are not inadmissible. 8 U.S.C. § 1255(a)(2). Individuals whom the Attorney General knows or has reason to believe have engaged in certain money laundering offenses are inadmissible. 8 U.S.C. § 1182(a)(2)(I). The circumstances of Salazar's offense—he was caught smuggling bulk amounts of cash during the course of a drug trafficking investigation—were such that the BIA's conclusion that the Attorney General could have had reason to believe Salazar had engaged in a money laundering offense covered by § 1182(a)(2)(I) was supported by substantial evidence and thus well within the BIA's discretion.

**Petition for review DENIED in part and DISMISSED in part.**

4